ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION, as Indenture Trustee,<br><br>         Interpleader Plaintiff,<br><br>         - against -<br><br>BNP PARIBAS, LONDON BRANCH; AMBAC CREDIT PRODUCTS LLC; NATIXIS FINANCIAL PRODUCTS INC.; DEUTSCHE INVESTMENT MANAGEMENT AMERICAS INC. d/b/a DEUTSCHE INSURANCE ASSET MANAGEMENT; CEDE & CO., as holder of certain Notes and nominee name of the Depositary Trust Company; DOES 1 through 5, holders of certain Class A-2 Notes; and DOES 6 through 100, owners of beneficial interests in certain Class A-1T, Class A-2, Class A-3 and Class A-4 Notes.<br><br>         Interpleader Defendants. | **JUDGE PRESKA**<br><br>**INTERPLEADER COMPLAINT**<br><br>**08 CV 6134**<br>Case No._____ |



Interpleader Plaintiff LaSalle Bank National Association ("LaSalle"), in its capacity as Trustee under the Indenture, dated as of September 7, 2006, by and among itself, ESP Funding 1, Ltd., as Issuer and ESP Funding 1 (Delaware) Corp., as Co-Issuer (as amended, the "Indenture"), alleges and states that:

### INTRODUCTION

1. This is an interpleader action for the purpose of obtaining adjudication of the respective rights of the Interpleader Defendants with respect to certain assets held by LaSalle. LaSalle, which serves as Trustee under the Indenture (all capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Indenture), faces competing demands by the Interpleader Defendants with respect to actions to be taken with respect to certain Classes of

Notes and the Collateral following an Event of Default under the Indenture, and cannot determine, without hazard to itself, how to proceed.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 because this is a civil action of interpleader or in the nature of interpleader, two or more adverse claimants are of diverse citizenship, the amount in controversy exceeds $500 and LaSalle is posting a bond in the amount of $4,162,608.84.

3. Venue in this District is appropriate pursuant to 28 U.S.C. § 1397 because one or more defendants reside within this judicial district.

## PARTIES

4. LaSalle is a national banking association with its main office in Chicago, Illinois. LaSalle is the Trustee under the Indenture.

5. Interpleader Defendant BNP Paribas, London Branch ("BNP Paribas"), upon information and belief, is a branch of BNP Paribas SA, with its principal place of business at 10 Harewood Avenue, London, NW1 6AA, United Kingdom. Upon information and belief, BNP Paribas SA is a Société Anonyme organized and existing under the laws of France, having its principal place of business at 16, Boulevard des Italiens, 75009 Paris, France. BNP Paribas is the holder of all of the Class A-1R Notes and, upon information and belief, a portion of the Class A-1T Notes (the Class A-1R and Class A-1T Notes are collectively referred to herein as the "Class A-1 Notes"). BNP Paribas, as successor to Citigroup Global Markets, Inc., is a party to the Class A-1R Note Purchase Agreement, dated as of September 7, 2006, by and among itself, ESP Funding I, Ltd., as the Issuer, ESP Funding I (Delaware) Corp., as the Co-Issuer, and LaSalle as Class A-1R Note Agent (as modified and supplemented and in effect from time to

time, the "Note Purchase Agreement"). BNP Paribas consented to the jurisdiction of this Court at Section 6.07 of the Note Purchase Agreement.

6. Ambac Credit Products LLC ("Ambac"), upon information and belief, is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 1 State Street, Floor 15, New York, New York 10004. Upon information and belief, Ambac is an affiliate of Ambac Financial Group, Inc. Ambac is the Designated Financial Insurer identified in the Indenture. Upon information and belief, Ambac, as a provider of credit protection to some or all of the Class A-1 Notes, has an interest in seeing that holders of the Class A-1 Notes receive timely and full payments from the Issuer.

7. Interpleader Defendant Natixis Financial Products Inc. ("Natixis") is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 9 West 57th Street, 36th Floor, New York, New York 10019. Upon information and belief, Natixis was formerly known as IXIS Financial Products, Inc. Upon information and belief, Natixis, as the Advance Swap Counterparty under the Advance Swap Agreement, has an interest in seeing that the holders of the Class A-2, Class A-3 and Class A-4 Notes receive payments in respect of interest only after the payment of principal on the Class A-1 Notes.

8. Deutsche Investment Management Americas Inc. ("Deutsche") is, upon information and belief, a corporation organized and existing under the laws of the State of Delaware, with its principal business address at 345 Park Ave., 25th Floor, New York, New York 10154. Deutsche Insurance Asset Management is, upon information and belief, an assumed name under which Deutsche conducts certain business. Upon information and belief, Deutsche owns certain of the Class A-2 Notes and/or represents the interests of beneficial owners of certain of the Class A-2 Notes.

LEGAL02/30865851v4

9. Interpleader Defendants Does 1 through 5 (the "Deutsche Doe Defendants") are, upon information and belief, beneficial owners of certain Class A-2 Notes under the Indenture, whose interest in the Notes is represented by Deutsche. LaSalle does not know the names or true identities of the Deutsche Doe Defendants.

10. Interpleader Defendant Cede & Co. is, upon information and belief, the nominee name of The Depositary Trust Company, a limited purpose trust company organized under New York banking law, with its principal place of business at 55 Water Street, New York, New York 10041-0099. Cede & Co. is the registered holder of record of the Class A-1T, Class A-2, Class A-3 and Class A-4 Notes, representing 100% of the aggregate principal amount outstanding on such Classes of Notes. Upon information and belief, Cede & Co. holds such Classes of Notes for the ultimate benefit of others.

11. Interpleader Defendants Does 6 through 100 (the "Doe Defendants") are, upon information and belief, beneficial owners of the interests in the Notes held by Cede & Co. LaSalle does not know the names or true identities of the Doe Defendants.

## BACKGROUND

12. LaSalle is a party to the Indenture, pursuant to which the Issuer and, in certain circumstances, the Co-Issuer issued certain Notes, which Notes are secured by a pool of Collateral. LaSalle is required to treat the Indenture as confidential pursuant to Section 14.15 of the Indenture.

13. The Collateral consists of asset-backed securities, synthetic securities and other assets and accounts, and includes all payments and proceeds received on the asset-backed securities, synthetic securities and the other assets. Pursuant to the Indenture, the Issuer pledged the Collateral to LaSalle, in its capacity as Trustee, in order to secure its obligations under the

Indenture. LaSalle holds the Collateral on behalf of the Secured Parties under the Indenture and collects the proceeds payable on such Collateral.

14. Payments on the Notes (and certain other amounts payable by the Issuer) are made on certain specified dates (each, a "Payment Date") from proceeds collected by LaSalle in respect of the Collateral. Unless an Event of Default has occurred and is continuing under the Indenture, such payments are made in accordance with the priorities set forth in Section 11.1(a) of the Indenture.

## THE DISPUTE

15. On or about February 27, 2008, LaSalle became aware of the occurrence of an Event of Default pursuant to Section 5.1(h) of the Indenture ("Event of Default").

16. On February 28, 2008, LaSalle issued a Notice of the Event of Default pursuant to Sections 5.1 and 6.2 of the Indenture to the Parties Identified on Attached Schedule I, as designated in Section 6.2 of the Indenture ("Schedule I Parties").

17. Following the occurrence of an Event of Default, payments of the proceeds of the Collateral are no longer made in accordance with the priorities set forth in Section 11.1(a) of the Indenture. Instead, both Section 11.1(c) and Section 13.1 of the Indenture address the manner in which payments should be made following the occurrence of an Event of Default.

18. Section 11.1(c) requires that, following an Event of Default, interest payments be made on Class A-2, Class A-3 and Class A-4 Notes prior to making payments in respect of principal to the Class A-1 Notes; Section 13.1(d), in contrast, requires that, following an Event of Default, the Class A-1 Notes be paid in full prior to making any payments in respect of the Class A-2, Class A-3 and Class A-4 Notes. Because both provisions specifically address the manner in which payments should be made following the occurrence of an Event of Default, LaSalle is

unable to determine in what manner payments in respect of principal on the Class A-1 Notes and interest on the Class A-2, Class A-3 and Class A-4 Notes should be made.

19. The first Payment Date following the occurrence of an Event of Default occurred on March 5, 2008. On such date, LaSalle issued a Notice regarding payments following an Event of Default to the Schedule 1 Parties ("March 5 Notice").

20. The March 5 Notice stated that prior to the occurrence of an Event of Default on February 27, 2008, monthly and quarterly distributions were made in accordance with Section 11.1(a) of the Indenture. It further stated that Section 11.1(c) and Section 13.1 set forth conflicting distribution requirements following an Event of Default. The March 5 Notice informed the Schedule 1 Parties that on that date, LaSalle distributed amounts pursuant to Section 11.1(c) of the Indenture, except that amounts which would have otherwise been payable to the Class A-2, Class A-3 and Class A-4 Notes in respect of interest pursuant to clauses (v), (vi), (vii) of Section 11.1(c) of the Indenture would be held in escrow pending a determination of the proper application of the Indenture provisions referenced in the March 5 Notice. Finally, the March 5 Notice invited Noteholders to provide input in respect of the manner of distributions following an occurrence of an Event of Default.

21. As LaSalle indicated in the March 5 Notice, on the March 5, 2008 Payment Date it escrowed all amounts that were payable in respect of interest on the Class A-2, Class A-3 and Class A-4 Notes pursuant to Section 11.1(c) of the Indenture. LaSalle has also escrowed amounts that were payable in respect of interest on the Class A-2, Class A-3 and Class A-4 Notes pursuant to Section 11.1(c) of the Indenture for the Payment Dates in April, May and June of 2008.

22. By email dated March 14, 2008, Natixis responded to LaSalle's March 5 Notice. Natixis, citing Sections 11.1(c) and 13.1(d) of the Indenture, wrote, "we read the Indenture to

require that monies that would have been paid to the Class A-2 Notes, Class A-3 Notes and Class A-4 Notes in respect of Period Interest pursuant to clauses 11.1(c)(v), (vi) and (vii) MUST be paid junior to the payment of principal on the Class A-1R Notes and Class A-1T Notes under clauses 11.1(c)(ix) and (x) (including any associated deposits into the accounts described in those clauses" (emphasis in original).

23. By letter dated June 13, 2008, Deutsche voiced its objection to the non-payment of interest of the Class A-2 Notes following the occurrence of an Event of Default. Deutsche stated that "Section 11.1(c) of the Indenture clearly states that the Class A-2 Notes will, upon Event of Default, be paid before principal payments are made to any counterparty or Class of Notes[,]" and that "Section 13.1(d) does not state that total proceeds should be used to pay principal to Class A-1 Notes in full before interest payments are made to the Class A-2 Notes."

24. By letter dated June 24, 2008, BNP Paribas, Natixis and Ambac (collectively, the "Senior Parties") informed LaSalle that they dispute "the Class A-2 Noteholder's contention that Section 11.1(c) overrides 13.1(d) and dispute the Trustee's position that there is an inconsistency in the Indenture in regard to application of funds after an Event of Default." To the contrary, they wrote, those Sections require distribution of interest to Class A-2, Class A-3 and Class A-4 Notes after payment in full of the principal amount to the Class A-1 Notes. They further stated that LaSalle's continued delay in distributing the funds in escrow was inconsistent with its obligations as Trustee and that further withholding of the funds was unjustified. They concluded by demanding that LaSalle distribute the funds in escrow on or before the upcoming July 7, 2008 Payment Date.

25. Upon information and belief, one or more Doe Defendants has taken or will take the position that the Senior Parties' interpretation of Sections 11.1(c) and 13.1(d) of the Indenture is neither reasonable nor correct and that, as a result, the occurrence of an Event of

- 7 -

Default does not require that all proceeds of the Collateral be used to pay the Class A-1 Notes in full prior to making interest payments on the Class A-2, Class A-3 and Class A-4 Notes.

26. A dispute thus exists among the various parties with an interest in the Collateral as to the proper treatment of the proceeds thereof on prior and future Payment Dates. In particular, the Senior Parties have taken the position that LaSalle can make payments of interest to holders of Class A-2, Class A-3 and Class A-4 Notes on Payment Dates only after payment in full of the principal amount of the Class A-1 Notes. Deutsche and, upon information and belief, other holders of Class A-2, Class A-3 and Class A-4 Notes, dispute the Senior Parties' interpretation of the Indenture, insisting that LaSalle is not entitled to make payments in respect of principal on the Class A-1 Notes prior to making payments of interest to the Class A-2, Class A-3 and Class A-4 Notes.

27. Sections 11.1(c) and 13.1(d), and other relevant provisions of the Indenture, are ambiguous with respect to the proper distribution of proceeds in respect of principal on the Class A-1 Notes and interest on the Class A-2, Class A-3 and Class 4 Notes following the occurrence of an Event of Default. LaSalle is unable to determine, without exposing itself to risk of liability, in what manner distribution in respect of such amounts should occur in such circumstances.

28. The dispute over entitlement to proceeds in respect of the Class A-1, Class A-2, Class A-3 and Class A-4 Notes will occur on the next Payment Date, which occurs on July 7, 2008. The dispute is also likely to recur on future Payment Dates.

29. The total amount of escrowed funds being held by LaSalle is currently $4,162,608.84 (which includes the amount which will be escrowed for the July 7, 2008 Payment Date). A bond securing this amount is being filed with the Court by LaSalle.

30. LaSalle is ready and willing to distribute the disputed portion of the proceeds in such manner as the Court shall direct.

31.   The above-entitled action is not brought by collusion with any of the Interpleader Defendants.

## PLEA FOR RELIEF

**WHEREFORE,** LaSalle asks this Court:

(i)   To order Interpleader Defendants to interplead and to settle all claims to proceeds of the Collateral between themselves and any other persons who claim or may claim an interest, beneficial or legal, in such proceeds;

(ii)  To restrain Interpleader Defendants and all claiming through or acting with them, or claiming any interest in the proceeds, from commencing or prosecuting any separate proceeding against LaSalle concerning or relating to the issues in this action;

(iii) To award LaSalle its costs and disbursements, including legal fees and expenses, with respect to this action and the distribution of proceeds in dispute.

(iv)  To award LaSalle such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
       July 3, 2008

ALSTON & BIRD LLP

By: _____
Michael E. Johnson (MJ 0299)
Judith A. Amorosa (JA 4027)
90 Park Avenue
New York, New York
(212) 210-9400

*Attorneys for Interpleader Plaintiff LaSalle Bank National Association, as Trustee*